In United States District Court
For the District of Delaware

UNITED STATES OF AMERICA

v.

DARRIN BURNS,
    Defendant

Criminal Complaint

CASE NUMBER: 08-58-M

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about _March 14, 2008_ in the District of Delaware, Defendant DARRIN BURNS did:

1) possess in and affecting interstate commerce, a firearm, after having been convicted of a felony crime punishable by imprisonment for a term exceeding one year,
in violation of Title _____18_____ United States Code, Section(s) _922(g)(1) and 924(a)(2);_
2) possess with intent to distribute cocaine base,
in violation of Title _____21_____ United States Code, Section(s) _841(a)(1) and (b)(1)(C);_ and
3) possess a firearm in furtherance of the above possession with intent to distribute cocaine base,
in violation of Title _____18_____ United States Code, Section(s) _924(c)._

I further state that I am sworn as a _Special Deputy U.S. Marshal and am assigned to the ATF_
and that this complaint is based
on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof:   Yes

                                     _/s/ Steven Parrott_
                                     Steven Parrott
                                     Special Deputy U.S. Marshal assigned to the ATF

Sworn to before me and subscribed in my presence,

March 14, 2008                          at     Wilmington, DE
Date                                                  City and State

Honorable Mary Pat Thynge
United States Magistrate Judge             /s/ Mary Pat Thynge
Name & Title of Judicial Officer             Signature of Judicial Officer

AFFIDAVIT OF STEVEN PARROTT

1. Your affiant is Steven Parrott. Your affiant is a Special Deputy U.S. Marshal and is currently assigned as a Task Force Officer to the Wilmington, Delaware office of the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives. Your affiant has been a police officer for the city of Wilmington, Delaware for ten years. Prior to your affiant's employment with the city of Wilmington, Delaware your affiant was a sworn police officer for ten years working in other states. In all your affiant has twenty years of experience as a sworn police officer. Your affiant has attended and completed training in police/law enforcement academies in the states of Florida, Wyoming and Delaware. Your affiant has received training in the recognition of firearms and the investigation of firearms offenses at all three of these academies as well as regularly attending in-service training throughout your affiant's career. Your affiant has participated in the seizures of over fifty firearms and the investigation of a substantial number of firearm related offenses. In addition your affiant has participated in discussions about the facts and circumstances of firearms offenses with other police officers, including but not limited to local, state and federal officers, specific to their own knowledge, experience and training of such offenses.

2. Unless otherwise noted, the information in this affidavit is based on your affiant's personal knowledge and conversations with officers of the Wilmington, Delaware Police Department and/or a Special Agent of the ATF who is specially trained in the investigation of firearms related incidents and the interstate nexus of firearms.

3. The seizure of all the below listed evidence took place on March 14, 2008, in the city of Wilmington, state and District of Delaware, as stated below to me by one or more Wilmington Police Officers.

4. Your affiant reviewed the criminal history information for the Defendant from the Delaware Justice Information System and learned that the defendant has three (3) prior felony convictions in which he faced imprisonment for a period exceeding one year: A. Possession with intent to deliver a non-narcotic schedule 1 controlled substance on or about 03/21/06 in the New Castle County Superior Court of Delaware; B. Delivery of a narcotic schedule IV controlled substance within 1,000 feet of a school on or about 06/26/02 in the New Castle County Superior Court of Delaware; C. Maintaining a vehicle for keeping controlled substances on or about 12/27/01 in the New Castle County Superior Court of Delaware.

5. Your affiant spoke to a Wilmington Police Officer hereinafter referred to as Officer 1 and learned the following: Officer 1 and other uniformed Wilmington Police Officers were conducting foot patrol in the 500 block of E. 5th St., particularly in the courtyards of the Bethel Villa Apartments. Officer 1 observed a group of people, including a person later identified as the defendant, DARRIN L. BURNS, loitering in the courtyards in violation of posted signs prohibiting loitering. Officer 1 and the other officers entered the courtyards simultaneously from several different entrances.

6. Officer 1 told your affiant the following. He observed the defendant running away from other uniformed Wilmington Police Officers who were approaching from a different entrance. Officer 1 stated that he heard the defendant yelling, "5-0 coming, look out". Officer 1 knows that "5-0" is a common street term used to refer to the police. Officer 1 stated that when the defendant saw Officer 1 the defendant stopped running. The defendant began walking quickly past Officer 1 and was reaching for the front of his waistband with his right hand. At the same time Officer 1 could see a bulge in the front of the defendant's waistband. The defendant turned the right side of his body away from Officer 1 and began rubbing the front of his body against a chain link fence as he walked away.

7. Officer 1 told your affiant the following. Officer 1 asked the defendant what he had but the defendant did not respond. Officer 1 then told the defendant to stop but the defendant began to run away. Officer 1 deployed a Taser to stop the defendant. The defendant took off the jacket that he was wearing, which was where the Taser probes had lodged. The defendant continued to flee from Officer 1 and other officers. Officer 1 told your affiant that another officer (Officer 2) told Officer 1 that Officer 2 stayed behind with the jacket.

8. Officer 1 told your affiant the following. The defendant fled east through the courtyards and continued east until reaching Spruce St. The defendant crossed Spruce St. then began running north on the east side of the street. Officer 1 was directly behind the defendant and saw the defendant reach for the front of his waistband with his left hand. The defendant then dropped what Officer 1 recognized to be a metallic object under a parked red sport utility vehicle. Officer 1 heard what he knew to be a metallic sound when the object landed.

9. Officer 1 told your affiant the following. Immediately after dropping the object the defendant ran west across Spruce St. Officer 1 saw an assisting officer (Officer 3) catch and tackle the defendant on the sidewalk on the west side of the 500 block of Spruce St. Officer 1 then immediately returned to the location where the defendant had dropped the metallic object. Officer 1 located a loaded silver handgun on the street under a red sport utility vehicle parked on the east side of the 500 block of Spruce St.

10. Officer 3 told your affiant the following. After taking the defendant into custody Officer 3 conducted a search of the defendant and found a large amount of money which he turned over to another officer, hereinafter referred to as Officer 4.

11. Officer 4 told your affiant the following. After the arrest of the defendant Officer 4 went back to where the defendant had discarded the jacket. Officer 4 searched the jacket and found a clear plastic bag containing a large chunk of an off-white chunky substance. The bag was knotted at the top. The total weight of the substance and the bag was 7 grams. Officer 4 personally weighed the substance and also conducted a field test of the substance. That field test was positive for the presence of cocaine

base. Officer 4 also counted the money referred to in paragraph ten and tagged it as evidence. Your affiant looked at photocopy of the envelope in which the money was tagged. The envelope reflected that the total amount of money was $469. The denominations were as follows. 2 fifty dollar bills, 14 twenty dollar bills, 3 ten dollar bills, 5 five dollar bills and 34 one dollar bills.

12. Your affiant was advised by Officer 1 that the seized firearm was in the custody of the Wilmington Police Evidence Detection Unit. Your affiant responded to the Evidence Detection Unit and inspected the firearm and determined it to be a Smith and Wesson 9mm model 5906 semi-automatic handgun, serial # TVK6939. Your affiant observed that the seized firearm appeared to be capable of expelling a projectile by action of an explosive and included the frame and receiver of such a firearm. Included with the firearm was a magazine for the weapon containing eleven rounds of 9mm ammunition. Your affiant spoke with an ATF agent expertly trained in the interstate nexus of firearms. This agent determined that the seized firearm was manufactured in the state of Massachusetts and therefore would have had to cross state lines in prior to its possession in Delaware.

13. Your affiant spoke with a Wilmington Police Officer who is sworn as a Deputy U.S. Marshal and assigned as a Task Force Officer to the ATF. Your affiant summarized the facts of this case to that officer and his professional opinion was that the seized cocaine base was possessed by the defendant with the intent to distribute same. He based this opinion on several factors including the lack of paraphernalia in possession of the defendant, the weight of the cocaine base, the area where the drug seizure occurred, the amount of money possessed by the defendant and the absence of gainful employment on the part of the defendant. That officer also stated that in his professional opinion the seized firearm was possessed by the defendant in furtherance of his possession with intent to distribute cocaine base. He based this opinion on several factors including the previously listed factors for possession of cocaine base with the intent to distribute same, and that cocaine base dealers carry firearms to protect themselves and their product from robbery by other drug dealers. Your affiant has previously seen this officer testify as an expert on factors that are consistent with possessing cocaine base with the intent to distribute same in Federal Court. During this testimony your affiant heard the officer say that he has received training and is experienced in the investigation of drug crimes, including the possession and distribution of illegal narcotics. He also said that he has testified as an expert in State Court in cases relating to the possession and distribution of illegal narcotics.

14. Your affiant interviewed the defendant at the Wilmington Police Department in the presence of Officers 1 and 3. Your affiant verbally advised the defendant of his Miranda warnings. The defendant verbally acknowledged that he understood his rights and he agreed to answer questions about his arrest. Among other things the defendant stated the following. The firearm and the cocaine base were given to him by an acquaintance to hold while the acquaintance drove to a liquor store. The defendant stated that the acquaintance told him he didn't want to be driving in a car while in possession of the

firearm and cocaine base. The defendant stated that he did not sell drugs in that area and was just there drinking with friends.

   Wherefore, based upon your affiant's training and experience, your affiant believes that there is probable cause to believe that the defendant did: (1) possess in and affecting interstate commerce, a firearm, after having been convicted of a felony crime punishable by imprisonment for a term exceeding one year in violation of Title 18 U.S.C., Section(s) 922(g)(1) and (924)(a)(2); (2) possess with intent to distribute cocaine base, in violation of Title 21, U.S.C., Section 841(a)(1) and (b)(1)(C) and (3) possess a firearm in the furtherance of the above possession with intent to distribute cocaine base, in violation of Title 18 U.S.C., sections 924(c).

Steven P. Parrott
Task Force Officer, ATF
Special Deputy U.S. Marshal

Sworn to and subscribed in my presence
this ___ day of _____, 2008.

The Honorable Mary Pat Thynge
United States Magistrate Judge