AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____ Delaware _____

UNITED STATES OF AMERICA
v.
Darrin Burns
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case 08-58M.

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- X (1) There is probable cause to believe that the defendant has committed an offense
  - X for which a maximum term of imprisonment of ten years or more is prescribed in   21 USC § 841  .
  - X under 18 U.S.C. § 924(e).
- X☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- (1) There is a serious risk that the defendant will not appear.
- (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by        clear and convincing evidence        a preponderance of the evidence: At present, defendant does not opposed the government's motion for detention, but reserves the right to do so in the future which was granted. Although defendant has lived most of his life in DE and his father is a pastor with who he has a close relationship, his last known employment was in 2006 which ended when he was incarcerated for VOP of state probation. Defendant is presently 30 years old. Although defendant's substance abuse history is limited, according to his father, he does not have a problem with using illegal drugs, but rather a problem with selling them (an honest but not stellar recommendation). His criminal history began at age 15 with a juvenile conviction for assault 2d. Between 1993 to June 1994, defendant had 9 arrests and criminal convictions which included theft over $500, receiving stolen property, terroristic threatening, offensive touching and VOP. Some of the highlights of his criminal past as an adult include possession of a non-narcotic schedule I controlled substance (2001 & 2002 in which defendant was required to serve an additional year of probation), maintaining a vehicle for controlled substances in February 2001 (for which he had 2 VOPs in 2002 & 2003), delivery of a narcotic schedule IV controlled substance within 1000 feet of a school for which he was found in VOP in 2003, 2004 and twice in 2006 (discharged as unimproved), escape 3d from the VOP Center, possession of drug paraphernalia in 2006, possession with intent to deliver a non-narcotic controlled substance in March 2006 for which he violated probation in June and August 2007. Defendant has had 25 capiases and/or warrants were issued for his failure to appear for numerous court appearances. Further several terms of probation have been revoked due to non-compliance with condition of supervision. It must be noted that the listing of convictions above do NOT include the numerous of offenses that were non-prossed as a result of guilty pleas.

FILED

MAR 2 5 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

AO 472 (Rev. 3/86) Order of Detention Pending Trial

**Part III—Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| March 25, 2008 | _(signature)_ |
|---|---|
| Date | Signature of Judicial Officer |
| | Mary Pat Thynge, Magistrate Judge |
| | Name and Title of Judicial Officer |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).